Chief Justice Robertson,
delivered the opinion of the court.
On the 19th of August, 1823, Caldwell brought an action of assumpsit against the administrators of David C. Irvine, deceased, on an implied promise by the intestate, for money paid for him, by Caldwell, in bank, on the 7th of September, 1816.
The aministrators • pleaded non-assumpsit, and non-assumpsit within five years; on each of which pleas, issues were taken..
On.the trial, the circuit court instructed the jury, in effect, that the assumpsit accrued on the payment of the money by Caldwell; and consequently, that the limitation then began to run; and refused to instruct them, on the motion of the plaintiff, that the issue was immaterial, or that six months next succeeding the administration, should be excluded from the computation of the limitation.
The jury found a verdict for the defendants, and Caldwell prosecutes this writ of error to reverse the judgment rendered in favor of the administrators on the verdict.
The errors assigned are.
1st. That it was erroneous to swear the jury, (as they seem to have been sworn,) to inquire of damages when there were issues made up; and that, as the jury was so sworn, the court had no right to render judgment for the defendants, as the jury were bound to find something for the plaintiff.
If the verdict be such as should have been render’d, the record stating that jury were sworn to inquire of .damages, where there were issues, will'not affect .the verdict. .
Non-assump-sit within five years, the proper mode of pleading the statute of liminitions.
The cause of action ac-ernes imme-dlately upon money'byone ,a.t the ju-stance of an-“¿estatute1 of limitation attaches, but tationof time" in non-as-in™ycyears,' by adm’r or ex’or. the six “f°erass”Sng the office must be excluded,
*108 2d: That the court erred in giving and-withholding instructions.
The first assignment-of error, must be unavailing, for the, following .reasons;.
1st. The issues, the proof, the motion for instructions,, indeed the whole, record,, will allow no other inference, than that'the jury were sworn to try the issues; and that the entry in the order hook that they were sworn to inquire of damages, is a clerical misprision.
2d. If the jury were sworn to inquire of damages, nevertheless, the parties and the court, intended-that they should try the issues, and understood that they were sworn to try them; and it is evident, that the -jury understood, that they were sworn to try the issues, and did try them. The form of the oath, as transcribed, cannot, therefore, affect the verdict,.
3d. .As it would have been obviously to the advantage of the plaintiff,-to swear the jury to inquire of damages, he cannot'object that there was error in so swearing them.- Nor should he he allowed to object, that the verdict was for the defendants, unless he ■ could .show that. injustice hag been done to him. If the verdict he, as it should have been, on the pleadings and proof, it will not he disturbed for any reason embraced in the first assignment of error, for m that we can perceive nothing solid or substantial.
Nor is there any thing formidable in the second ’error assigned. The issue was surely not immaterial. The cause of ’action accrued at the instant when the money was paid; because, at that moment, the law implied an assumpsit to refund it. Consequently, non-assumpsit within five years, was the proper form of pleading the statute of limitations. It follows, that the issue on this plea, was not immaterial, and that the court did not err in its instructions.
It seems to us equally plain, that the court did not-err in withholding the instruction as to the mode of computing the limitation.
Its undei?iable, that- during six months, succeeding the qualification of the defendants as the aministrators, the statute of limitations was suspended, because the law interdicted a suit against them, during that interval, When the law will not permit a creditor to sue, it will not punish him, nor prejudice his rights, for failing to *109 sue; and such has been the decision of-this court in the case of Field vs. Wallace’s administrators, VI Monroe, 334.
If the circuit court entertained the opinion, that the limitation was not suspended'by law, for six months, in consequence of.the administration, so far, its opinion was erroneous. But such an abstract error, cannot affect the verdict, nor the judgment upon it.
The plaintiff held the affirmative of the issue. His cause of action had accrued more than five years and six months before he sued; deducting six months would, therefore, not benefit him. He did not attempt to prove any assumpsit within five years, nor any cause for suspending tire operation of the statute- of limitations, for a longer interval than six months. He has not shown when the intestate died, nor when the defendants were appointed his administrators. If these facts could be material, the burthen of proving them devolved on. the plaintiff. It was his duty to prove an assumpsit within five years.
But these facts could not be material in this case. If the intestate died before the lapse of five years, from the assumpsit, the. running of the statute was not thereby suspended,. The remedy was not suspended by operation of law. When the statute begins to run, no super-venient disability, merely personal, or resulting from death, will arrest its progress. The! law has not provided that the death of either party, to the original cause of action, shall, suspend the operation of the statute of limitations, if before the death, it shall have begun to run. But it has declared, (at least constructively,) that the statute shall not run during six months succeeding the appointment of' the administrator.
If, by deducting six months, the assumpsit in this case could be brought within five years, the circuit court would have erred to the plaintiff’s prejudice, in withholding the instruction proposed, on the computation of the limitation. But as more than five years had elapsed without including the six months in the computation, the action was barred; and consequently, as the plaintiff must have failed, whether his proposition had been given to the jury, or withheld from them, the court was not bound to giv-e it; it was abstract and immaterial; giving it, could not have, benefitted the plaintiff; withholding it could not have injured him.
Turner, for plaintiffs; Breck, for defendants.
Wherefore, the refusal of the court to give the instruc-^021j is 110 cause for reversing the judgment. Judgment affirmed.